## TIFFANY v. NORRIS.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

ACTION TO VACATE JUDGMENT—PLEADING.

Plaintiff brought an action to vacate a judgment on a note given by him on dissolution of a partnership, alleging that defendant had violated certain provisions of the articles of dissolution, and disabled himself from performing the agreement on his part, but there was no allegation of performance on the part of plaintiff, and it appeared from the face of the papers in the case that plaintiff was the first to commit a breach of the agreement by non-payment of the note. *Held*, that the complaint stated no cause of action.

Appeal from special term, New York county.

Action by Walton C. Tiffany against William M. Norris. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Daniel D. Sherman*, for appellant. *Augustine R. McMahon*, for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff to have declared void and of no effect a judgment recovered in this court against him by the defendant; the claim being that the judgment was obtained upon a promissory note given by the plaintiff to the defendant upon the dissolution of a copartnership, and that since the procurement of such judgment the defendant had violated certain of the provisions of such articles of dissolution, and that he has disabled himself from performing the agreement on his part. The answer denied the breaches alleged upon the part of the plaintiff, and set up for a second defense that the plaintiff had a complete remedy at law if any cause of action existed, and for a third defense that prior to the commence-

ment of the action a receiver had been duly appointed of the real and personal property of the defendant, who had duly qualified and entered upon the discharge of his duties. The plaintiff demurred to the second and third defenses upon the ground that each of such defenses is insufficient in law upon the face thereof. Upon the argument of this demurrer, in addition to the grounds stated in the demurrer, it was claimed by the defendants that the facts stated in the complaint did not constitute a cause of action of any kind, and that it was radically and incurably defective. The demurrer having been overruled, from the interlocutory judgment thereupon entered this appeal is taken. It seems to be sufficient for the disposition of this appeal to call attention to the fact that not only is there no allegation that the plaintiff has performed his part of the agreement, but it seems to be expressly admitted that he has not so done, as although, having given the note upon which judgment is obtained, it is admitted that he has not paid the same. which is as essential a part of the agreement upon the part of the plaintiff as anything that was agreed to upon the part of the defendant. It is an elementary principle that, in order to entitle a party to have any relief because of the breach of an agreement by another party thereto, he must allege and prove that he is not in default himself. It appears upon the face of these papers that this plaintiff was the first to commit a breach of his contract, and, notwithstanding such breach, he claims to enforce it as against the defendant. The grounds upon which the demurrer was overruled are also tenable. All rights of action in respect to the property of the defendant had been vested in the receiver, who had been appointed and had entered upon the discharge of his duties. We think, therefore, that the judgment was right, and should be affirmed, with costs. All concur.